IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

IN RE:                          )
                                )
SIDNEY JOHN TOCHE,              )          CASE NO. 18-04916-JCO
                                )          Chapter 13
        Debtor.                 )

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on the Motion for Relief from Automatic Stay (the "Motion")(Doc.65) of Aurora Gonzales Johnson ("Johnson") pursuant to 11 U.S.C. §362 and the Debtor's Response in Opposition thereto (Doc. 69). Proper notice of hearing was given and appearances were noted by Attorney D. Robert Stankoski as counsel for Creditor and Attorney Stephen L. Klimjack as counsel for Debtor, Sidney John Toche. Having considered the record, the Motion, the Response, the Stipulation of Facts (Doc. 78) and the arguments of the parties, the Court finds that the Motion is due to be GRANTED for the *limited purpose* of seeking clarification from the Domestic Relations Court as to whether the provision in the Final Judgment of Divorce between the parties requiring the Debtor to pay Johnson $250.00 per month was intended as domestic support or property settlement.

## JURISDICTION

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1334 and 157, and the Order of reference of the District Court dated August 25, 2015. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G).

## FACTS AND PROCEDURAL HISTORY

The parties submitted a Joint Stipulation of Facts ("Stipulation") which the Court has considered and references herein as denoted. (Doc. 78). Sydney Toche ("Toche") and Aurora

Gonzales Johnson ("Johnson") were divorced by Final Judgment of Divorce ("FJD") issued by

the Circuit Court of Baldwin County, Alabama on August 27, 2018, in that certain case styled as

*Aurora Gonzales Johnson f/k/a Aurora Gonzales Toche v. Sidney John Toche*, DR-2016-

900278.01. (*Id.* at ¶2). As part of the FJD, Johnson was awarded the continuing monthly sum of

Two Hundred Fifty and 00/100 Dollars ($250.00) from Toche's pension. (*Id.* at ¶3). The Final

Judgment of Divorce requires Toche to pay Johnson as follows:

> "ORDERED that the Husband shall pay to the Wife the sum of Two
> Hundred Fifty and no/100 Dollars ($250.00) each month as one-half
> (½) of the Husband's pension. The Husband shall pay the Wife
> directly with the first payment due on August 5, 2018, but payable
> on the first (1st) day of the month thereafter . . ."

(*Id.* at ¶4). The parties thereafter entered into a Settlement Agreement resolving a state court

petition for contempt wherein the parties agreed that a different provision in the FJD awarding

Johnson monthly alimony of $1250.00 would terminate effective January 1, 2019 due to the former

wife's remarriage. (Doc 69-1). The Settlement Agreement did not specifically address the

aforementioned $250.00 obligation related to the Debtor's pension. (*Id.*).

On December 6, 2018, Toche filed for Chapter 13 Bankruptcy in the United States

Bankruptcy Court in the Southern District of Alabama. Toche did not include his pension in his

Chapter 13 Petition for the purpose of calculating his disposable income. (Doc. 78 at ¶6). Toche

listed Johnson as a priority creditor but set forth her total claim as "$0.00." (*Id.* at ¶7). Johnson

was listed in Toche's matrix and was given notice of Toche's filing Chapter 13. (*Id.* at ¶8).

Johnson did not attend the meeting of creditors, file a proof of claim or institute a complaint to

determine dischargeability. (*Id.* at ¶¶9,10).

Toche did not list any domestic support obligations in his plan which was confirmed June

28, 2019. (*Id.* at ¶11,12). On November 18, 2019, Johnson filed a Petition for Contempt against

Toche in the Circuit Court of Baldwin County, Alabama, Case No. 05-DR-2016-900278.03. (*Id.* at ¶13). In her Petition, Johnson sought an Order holding Toche in contempt for his violation of the FJD by failing to pay the required continuing monthly support. (*Id.* at ¶ 14). On December 20, 2019, Toche filed a Motion to Dismiss Pursuant to Alabama Rules of Civil Procedure 12(b) in the Circuit Court of Baldwin County, Alabama. (*Id.* at ¶15). On January 20, 2020, Johnson filed a Motion in Opposition to Toche's Motion to Dismiss. (*Id.* at ¶16).

Thereafter, on January 20, 2020, Johnson filed the instant Motion for Relief from Automatic Stay seeking to proceed with her Petition for Contempt against Toche in the Baldwin County Circuit Court upon the basis that the pension payments were in the nature of a domestic support obligation and thereby non-dischargeable in bankruptcy. (*Id.* at ¶17). On January 21, 2020, the Domestic Court, denied Toche's Motion to Dismiss. (*Id.* at ¶18). On February 25, 2020, Toche filed an Objection to Johnson's Motion for Relief from Automatic Stay. (*Id.* at ¶19). On February 26, 2020, Johnson filed a First Amended Petition in the Circuit Court of Baldwin County, Alabama requesting an additional cause of action for clarification of whether Toche's pension payments were in the nature of a domestic support obligation. (*Id.* at ¶20). Upon Toche's Motion, the Domestic Court has stayed the pending domestic proceeding pending a ruling on Johnson's Motion for Relief.

## CONCLUSIONS OF LAW

### Domestic Support Obligations in Bankruptcy

The automatic stay of 11 U.S.C.§362 generally affords Debtors protection from the commencement or continuation of judicial, administrative, or other action or proceeding that was or could have been commenced before the filing of a bankruptcy petition. However, it does not operate as a stay of the commencement or continuation of a civil proceeding for the establishment or

modification of an order for domestic support obligation or collection of a domestic support obligation from property that is not property of the Estate. 11 U.S.C. §362 (b)(2)(A)(ii); §362 (b)(2)(B). Further, domestic support obligations are not dischargeable in bankruptcy. 11 U.S.C §1328(a) and §523 (a)(5).

The Bankruptcy Code, defines the term domestic support obligation as follows:

> . . . a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is--
> **(A)** owed to or recoverable by--
> **(i)** a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
> **(ii)** a governmental unit;
> **(B)** in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
> **(C)** established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of--
> **(i)** a separation agreement, divorce decree, or property settlement agreement;
> **(ii)** an order of a court of record; or
> **(iii)** a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
> **(D)** not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. §101.

Whether a particular debt constitutes a domestic support obligation under §523 (a)(5) is a question of federal law. *In re Strickland*, 90 F. 2d 444 (11ᵗʰ Cir. 1996). However, consideration of the applicable state law is instructive in the analysis. *In re Harrell*, 754 F. 2d 902 (11ᵗʰ Cir. 1985). The court must look beyond the label and examine whether the debt is actually in the nature of support or alimony. *Cummings v. Cummings*, 244 F.3d 1263 (11ᵗʰ Cir. 2001); *see also*, *In re Brody*, 3 F.3d 35, 38 (2d Cir.1993); *In re Sampson*, 997 F.2d 717,

723–24 (10th Cir.1993); *In re Davidson,* 947 F.2d 1294, 1296–97 (5th Cir.1991); *In re Gianakas,* 917 F.2d at 762; *Tilley v. Jessee,* 789 F.2d 1074, 1077 (4th Cir.1986); *Shaver v. Shaver,* 736 F.2d 1314, 1316 (9th Cir.1984); *Williams v. Williams,* 703 F.2d 1055, 1057–58 (8th Cir.1983).

<u>Application of Benson Factors</u>

The touchstone for determining whether an obligation is "in the nature of support" is the intent as reflected in the judgment of divorce. *Cummings* at 1266. The Eleventh Circuit Court of Appeals has recognized eight factors are instructive when evaluating whether an obligation constitutes domestic support under §523(a)(5). *In re Benson*, 441 Fed. Appx. 650 (11th Cir. 2011) (citing, *In re McCollum*, 415 B.R. 625, 631 (Bankr. M.D. Ga. 2009). They include: (1) the language used; (2) the parties' financial positions; (3) the amount of the division; (4) whether the obligation ends upon death or remarriage of the beneficiary; (5) the frequency and number of payments; (6) whether the agreement waives other support rights; (7) whether the obligation can be modified or enforced in state court and finally (8) how the obligation is treated for tax purposes. *Benson* at 651; S*ee also, Edwards v. Colin,* 2017 WL1822570 (M.D. Ala.); *In re Floyd,* 2017 WL4325562 (N.D. Ala.).

Upon review of the Final Judgment of Divorce ("FJD") together with the pleadings, exhibits and Stipulation submitted by the parties, this Court finds it is difficult to ascertain the intent of the domestic court concerning the provision in controversy. The language of the FJD simply states that the Wife (Johnson) is awarded $250.00 per month from the Husband's (Debtor's) pension. It does not specify if it is for domestic support, alimony or property settlement. The provision's placement in the FJD follows the provision regarding alimony and is

further removed from the provisions related to property division which may indicate the Divorce Court intended it as domestic support; however, that alone in the view of the Court is not sufficiently clear to draw such a conclusion. It could also potentially be inferred that the husband had a superior financial position when the FJD was entered as he was awarded the marital residence along with two vehicles with the corresponding debt obligations and directed to provide the wife with funds needed to move; however, this Court does not find it appropriate to rely on mere inference to discern the intent of the provision in question.

Although the FJD requires regular monthly payments, which may favor a support obligation versus a property settlement, it did not provide for the obligation to end upon remarriage or any other date certain and did not reference a waiver to any other support rights, so those factors are not determinative. It appears that the provision is subject to enforcement in state court since the Domestic Court denied the Debtor's Motion to Dismiss the pending Petition for Contempt related to failure to make such payments; however, that one factor is not a sufficient basis upon which the Court can confidently rely in adjudicating this matter. As to the remaining *Benson* factor, there is no evidence before the Court regarding how the obligation has been treated for tax purposes. Further, the Court noted that the Debtor's schedules list a $1500.00 monthly obligation to Johnson in the category of "alimony, maintenance and support" (Doc. 1 at 50), which may otherwise preclude the Debtor's argument to the contrary; however, in light of the subsequent Settlement Agreement (Doc 69-1) , the Court is hesitant to unilaterally make such a finding. The absence of compelling evidence of sufficient weight to justify a conclusive determination of the intent of the controverted provision of the FJD, in the view of this Court, constitutes cause to grant limited relief to allow for clarification by the divorce court.

6

<u>Concurrent Jurisdiction</u>

When the bankruptcy court lacks adequate information to discern the intent of a judgment of divorce, it is appropriate to grant relief from the automatic stay to allow the domestic courts to elucidate its findings. State courts have concurrent jurisdiction to determine if a debt is of a type that is non-dischargeable as alimony, maintenance or support pursuant to §523(a)(5). *In re Cummings*, 244 F. 3d 1263 (11th Cir. 2001); *In re Thaggard*, 180 B.R. 659 (Bankr. M.D. Ala. 1995); s*ee also*, *In re Moralez,* 128 B.R. 526, 528 (Bankr.E.D.Mich.1991) (finding that "the jurisdiction over nondischargeability actions under 11 U.S.C. § 523(a)(5) is not exclusive with the Bankruptcy Court."); *Hohenberg v. Hohenberg,* 143 B.R. 480, 483 (Bankr.W.D.Tenn.1992) ("The state court has concurrent jurisdiction with the bankruptcy court to determine whether alleged alimony, maintenance or support is dischargeable."); *In re Richards,* 131 B.R. 76, 78 (Bankr.S.D.Ohio 1991). Additionally, courts have found the following analysis persuasive:

> Section 523(a)(5) does not fall within the terms of section 523(c)(1), which discharges debts specified in section 523(a)(2), (4) or (6) unless the creditor requests a hearing to determine the dischargeability of such debts. In effect, the determination of whether debts within subsection (a)(2), (4) or (6) are dischargeable under section 523(a) falls within the exclusive jurisdiction of the bankruptcy court, while the bankruptcy court possesses only concurrent jurisdiction if subject to a dischargeable determination for other types of debts.... By virtue of the permissive grant to file the complaint, and by comparison with section 523(c)(1), it is clear that the bankruptcy court only has jurisdiction concurrent with the appropriate local court.

*Collier on Bankruptcy*, ¶ 523.15, at 523–125–126 (Lawrence P. King ed., 15th ed. 1992).

In determining whether an obligation in a divorce decree was intended as support, it is appropriate for bankruptcy courts to avoid incursions into family law matters out of consideration of court economy, judicial restraint and deference to state court expertise in such matters. *Carver v. Carver*, 954 F. 2d 1573 (11 Cir. 1992). Further, the Court of Appeals for the

7

Eleventh Circuit has noted that in situations involving alimony, maintenance and support, relief from stay should be liberally granted to allow clarification by the divorce court and avoid entangling the federal court in family law matters. *Cummings* at 1267.

Under the facts of the case, this Court is satisfied that the domestic court is best suited to delineate if the obligation in controversy is in the nature of support. The state court which presided over the divorce proceeding has the background, information and ability to easily and expeditiously clarify the intent of its ruling. Additionally, the matter has already been posed to the state court in the form of Johnson's Petition for Contempt which was stayed at the Debtor's request. (Doc. 78 at ¶17). Moreover, the Domestic Court's denial of the Debtor's Motion to Dismiss (Doc. 78 at ¶18) indicates the state court's willingness to consider the issue. Hence, applicable law supports granting limited relief from the automatic stay to allow for a clarification of the FJD by the Baldwin County Circuit Court which previously entered the FJD.


### Debtor's Arguments Against Relief Are Not Persuasive

As the Movant demonstrated a prima facie showing of cause for limited relief from the automatic stay, the burden shifts to the opposing party to show that, if Movant is allowed to proceed against the Debtor, there will be prejudice to the Debtor, the bankruptcy estate or other creditors. *In re Carraway Methodist Health Systems*, 355 B.R. 853 (Bankr. N.D. Ala. 2006); *In re Marvin Johnson's Auto Serv., Inc.*, 192 B.R. 1008 (Bankr. N.D. Ala. 1996). The Debtor's objection to relief indicates that Johnson failed to appear at the meeting of Creditors, failed to file a proof of claim, failed to file a complaint to challenge dischargeability and that the obligation is in the nature of a property settlement, not domestic support.

This Court does not deem the Debtor's arguments sufficient to completely deny relief. There is no requirement that a creditor attend the meeting of creditors or file a proof of claim to seek relief from the automatic stay. Additionally, the import of Johnson's failure to object to discharge is unknown absent a determination of whether the award is in the nature of support. As noted above, domestic support obligations are non-dischargeable pursuant to 11 U.S.C. §523(a)(5) and 11 U. S. C. §362 does not operate as a stay of the commencement or continuation of a civil proceeding for the establishment or modification of an order for domestic support obligation or collection of a domestic support obligation from property that is not property of the Estate. Although, the Debtor contends that the obligation in issue is akin to property settlement, this Court is not convinced that was the intent of the FJD.

Moreover, *In re Coon,* cited by the Debtor, is distinguishable from this case because the Court in *Coon* had sufficient information before it to make a determination related to the intent of the domestic court award. 522 B.R. 357 (Bankr. M.D. Ala. 2014). Specifically, the *Coon* opinion noted the domestic Court Order providing that the payments were "part of the parties agreed upon property settlement". Id at 363. Further, even the *Coon* decision recognized bankruptcy courts should limit their role and not duplicate or impinge upon the functions of state domestic relations courts. *Id.* at 363 (citing *In re Harrell*, 754 F. 2d 902 (11th Cir. 1985)). Hence, upon consideration of the totality of the circumstances, this Court finds that granting limited relief to allow for a ruling by the domestic court on Johnson's request for clarification of whether Toche's pension payments were in the nature of a domestic support obligation is appropriate, in the interest of judicial economy and will not be unduly prejudicial to the Debtor or burdensome to Estate.

## <u>CONCLUSION</u>

In accordance with the forgoing, this Court finds that good and reasonable cause exists for the entry of this Order and hereby GRANTS Aurora Gonzales Johnson *limited relief* from the automatic stay of 11 U.S. C. §362 to the extent necessary to obtain clarification of the Final Judgment of Divorce from the Circuit Court of Baldwin County as to whether the disputed obligation is in the nature of support.  Further, in the event the contested debt is determined to be a domestic support obligation, it is further ORDERED that the relief granted herein authorizes the Domestic Court to adjudicate if and to what extent the Debtor may be in contempt of the Domestic Court Order including the amounts of any pre and post-petition delinquency. Notwithstanding the forgoing, nothing in this Order should be construed to allow execution or collection efforts against the Debtor related to any pre-petition delinquency or from assets of the Estate absent further Order of this Court.

Dated:  July 10, 2020

JERRY C. OLDSHUE, JR.
U.S. BANKRUPTCY JUDGE

10

11